HENRY L. RUSSELL *v.* LEWIS ROBERTS and others.

Where a chattel is hired for a limited period, as for a day or a night, at a definite price, and the hirer detains it for a much longer period; he is not liable, in an action brought to recover for the use of the chattel, to be charged at the same rate for every day or period during which the detention may continue after the specified time has elapsed..

The recovery should be limited to the value of the use for the entire period of the detention.

And where the detention continued for several months, and a computation by the day amounted to many times the whole value of the chattel; *held,* that the price agreed upon for one day's use was not the standard of value for such entire period.

THE defendants, being engaged in a flour commission busi-

ness, hired from the plaintiff, for one night, a canvas cover, fifty feet in length by twenty five feet wide, to be spread over flour on board a canal boat, lying at a wharf in the city of New York. The price to be paid for the use of the canvas was the " customary charge," which, for twenty four hours or less, was proved to be one dollar. Through some oversight, the cover was not returned. It was carried in the boat to Rochester, and was not brought back to this city until the lapse of about five weeks. The canvas was in the defendant's possession from October 24 until and after the commencement of the suit in February following.

The action was brought for the use of the canvas during the whole period last mentioned. The plaintiff insisted upon a recovery of one dollar for each day of the detention.

Some testimony was introduced in his behalf of the proportion of the time during which he might have let the canvas to other persons. The defendant proved that its actual value was eight or ten dollars, although one witness testified to fifteen or twenty dollars.

Judgment was given for the plaintiff by the Third District Court, to the extent of its jurisdiction, $100. The defendants appealed.

*W. Howard Wait*, for the defendants.

*Alexander Spaulding*, for the plaintiff.

By the Court. Woodruff, J.—I think this case has been decided under a misapprehension in regard to the condition of the parties under the pleadings and the contract proved.

The action was brought to recover for the use of a canvas cover, under a contract made by the defendant therefor.

The contract proved was a hiring for a single night, at the customary rate. That was the only contract proved. Taking the evidence in regard to customary rate to be competent, and assuming that the plaintiff's witness is to be understood, by his somewhat equivocal language, to mean that the defendants

agreed to pay the customary rate, the defendants were plainly liable, under the pleadings and this proof, to the extent of one dollar for the use of the canvas upon that occasion and under that hiring.

It was undoubtedly the defendants' duty to return the canvas when the period for which they hired had expired, and for not doing so, they were liable for such damages as the plaintiff sustained; and had the action been brought to recover such damages, it is obvious that the one dollar per day would not have controlled the recovery.

If it be conceded that the plaintiff had an option to acquiesce in the detention and sue for and recover the value of its use, the rule of damages would have been the fair value of the use of the canvas for the period of the detention, and not what the defendants agreed to pay for the use of it for a single night.

The law made it the duty of the defendants to return the canvas, and would imply a contract to do so when the term of the hiring expired. That contract was broken, and the fact that it was by an accident would not excuse the defendants. The plaintiff might, doubtless, have sued at once for a breach of that implied contract and recovered damages therefor, but that if he had then sued, the full value of the canvas would not have been all the damages, would hardly be contended. Money enough to buy another would place them in as good a situation as if their own had been returned when it ought to have been. Or the plantiff might have demanded his canvas, and on failure of the defendants to return it, brought an action in the nature of the action of trover and recovered its value, with interest, from the time of the conversion. And so, also, an action in the nature of replevin in the detinet could have been brought, but I apprehend that even then the plaintiff could only recover the canvas and the value of the use for the entire period, or its value, with interest, from the time when it should have been returned; and in either view, the one dollar per day would not furnish the rule. This action was not brought to recover damages upon either of these grounds.

If we could find any evidence in the cause sufficient to guide

us without danger of injustice to a correct finding of the value of the use of the canvas during the whole period, we should be inclined to treat the proceedings below as embracing a claim for the sum agreed to be paid for the night for which the canvas was hired, and a claim for a breach of the implied contract to return it, or for the fair value of the use during the whole period of the detention, though we should incline then to confine the plaintiff to an amount not exceeding the value of the canvas, and perhaps interest thereon, but under the present state of the proofs, we are apprehensive that we might not be sufficiently certain of doing justice.

We see no alternative but to reverse the judgment, unless the plaintiff elects to reduce the damages to ten dollars, as a compensation for the use of the canvas, in which case the judgment is affirmed for that sum and reversed as to the residue, without costs on the appeal.

By this election, the plaintiff would be still left at liberty to demand his canvas if he thinks proper.

Ordered accordingly.